UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BIANCA LACE MERRITT-WILSON,

       Plaintiff,

   v.

NEW AMERICAN FUNDING, LLC,
BROKER SOLUTIONS, INC., d/b/a NEW
AMERICAN FUNDING,
MDK LEGAL,
EDWARD RALPH PETERKA,
ZACHARIAH LEE MANCHESTER,
SCOTT D. SMITH,
LINDSEY EVERHART REESE,
INTERCOUNTY JUDICIAL SALES
CORPORATION,
HON. STACEY L. CAMPBELL, in her official
capacity, and
DOES 1-50,

       Defendants.

Case No. 25-cv-02177-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Bianca Lace Merritt-Wilson's Emergency

Motion for Temporary Restraining Order ("TRO") (Doc. 4). She asks this Court to enjoin

Defendants from: (1) conducting the foreclosure sale on property located at 1321 Lebanon

Avenue, Belleville, Illinois 62221; (2) issuing or recording any Sherriff's Deed; (3) confirming

any sale; (4) seeking possession or eviction; (5) treating Plaintiff as an 'unlawful occupant' under

SB 1563, and (6) altering the status quo pending further order of this Court. Defendant New

American Funding, LLC began a foreclosure proceeding in the Circuit Court for the Twentieth

Judicial Circuit, St. Clair County, Illinois, in March 2025, in *New American Funding, LLC vs.*

*Bianca Merritt*, No. 2025FC000150. By September 2025, the court had entered a judgment of

foreclosure. The foreclosure sale is scheduled for December 17, 2025. Plaintiff seeks to stop the foreclosure sale. She has indicated that she provided advance notice of this filing to Defendants' counsel by email transmission. However, none of the Defendants have been served or have appeared in this case.

The Court now turns to the motion for a TRO. Ordinarily, this Court will not issue a TRO *ex parte*. Such a policy "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974)). However, the Court may issue an *ex parte* TRO of a brief duration and limited scope to preserve the status quo pending a hearing. *Id.* (citing *Granny Goose*, 415 U.S. at 438–39). *Ex parte* TROs, if issued, should last only as long as is necessary to hold a hearing and no longer. *Granny Goose*, 415 U.S. at 438–39; *Am. Can*, 742 F.2d at 322.

When deciding whether to issue a TRO, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). A party seeking a preliminary injunction "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that

2

granting or denying the injunction will have on the public interest. *Id.* "[T]he more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id.*

The Court declines to issue an *ex parte* TRO in this case because Plaintiff does not have a reasonable likelihood of success on the merits. As a preliminary matter, it appears the Court lacks jurisdiction over this case. Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331. Her complaint attempts to set forth two constitutional claims under 42 U.S.C. § 1983: (1) deprivation of procedural due process under the Fourteenth Amendment; and (2) denial of access to the courts under the First Amendment. But neither of these claims plausibly suggest a right to relief above a speculative level. In order to state a § 1983 claim against an individual, a plaintiff must allege that the defendant deprived the plaintiff of rights secured by the Constitution or laws of the United States and that the defendant was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000).

All the defendants, besides the Honorable Stacey L. Campbell ("Judge Campbell"), are private actors. "A private party may be found to act under the color of law if he has a 'meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right.'" *Brown v. Hasemyer*, No. 22-CV-01384-SPM, 2023 WL 5431779, at *7 (S.D. Ill. Aug. 23, 2023) (quoting *Wilson v. Warren Cnty.*, 830 F.3d 464, 468 (7th Cir. 2016)). In other words, "[t]he private party and the state actor 'must share a common unconstitutional goal.'" *Id.* (quoting *Wilson*, 830 F.3d at 468). Plaintiff alleges that the private party Defendants may be liable under § 1983 because they "invoked state authority to obtain summonses, schedule

3

hearings, issue notices, and conduct sale proceedings," benefitted from the Clerk's office

enforcement of filing refusals, and "relied upon . . . state-enabled actions to advance foreclosure

without resolving jurisdictional defects." However, that is not sufficient to show that the private

party Defendants acted under color of state law. "[T]he mere fact that an attorney made an

argument and a judge accepted it does not give rise to a plausible inference that the attorney and

judge conspired with one another." *Falls v. Meyerson*, No. 21 C 2490, 2022 WL 313742, at \*2

(N.D. Ill. Feb. 2, 2022) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Of course, merely

. . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor

with the judge."); *Fries v. Helsper*, 146 F.3d 452, 457–58 (7th Cir. 1998) (same)). Accordingly,

the private party Defendants cannot be liable under § 1983.

In addition, Plaintiff fails to state a claim under § 1983 against Judge Campbell because

she is entitled to judicial immunity. The doctrine of judicial immunity "confers complete

immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660

(7th Cir. 2005). Judicial immunity has always been "applicable in suits under section 1983

because the 'legislative record [gave] no clear indication that Congress meant to abolish

wholesale all common-law immunities." *Id.* at 661 (citing *Dellenbach v. Letsinger*, 889 F.2d

755, 758 (7th Cir. 1989)). The statute was amended in 1996 to specifically bar injunctive relief

against a judicial officer for acts taken in their official capacity. *See Smith v. City of Hammond*,

388 F.3d 304, 307 (7th Cir. 2004). "Judicial immunity extends to acts performed by the judge 'in

the judge's *judicial capacity*.'" *Dawson*, 419 F.3d at 661 (citing *Dallenbach*, 889 F.2d at 759

(emphasis in original)). It "applies 'to judicial acts, but not to ministerial or administrative acts.'"

*Id.* (citing *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985)). "A judge will not be deprived

of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

Here, Plaintiff attempts to hold Defendant Judge Campbell liable for acts she took in her judicial capacity. Plaintiff alleges that Judge Campbell erred by entering orders without personal jurisdiction and failing to address the jurisdictional defects in the case. She also alleges that Judge Campbell committed numerous procedural errors throughout the case. But if Plaintiff believes Judge Campbell erred in the foreclosure proceedings, "through inadvertence or otherwise, [her] remedy is through appellate process," not through a separate proceeding in this Court. *See Dawson*, 419 F.3d at 661. Plaintiff's allegation that the St. Clair County Circuit Court had no personal jurisdiction over her does not change the outcome. All that is required is that Judge Campbell had "jurisdiction over the subject matter before [her]." And Illinois Circuit Courts have "inherent power to hear and determine foreclosure cases." *Nationstar Mortg., LLC v. Canale*, 10 N.E.3d 229, 234 (Ill. App. Ct. 2014). Plaintiff has failed to state a claim under § 1983, and without a federal cause of action, this Court lacks subject matter jurisdiction.

Even more importantly, even if Plaintiff had stated a claim, the Court would likely abstain from hearing this case on the basis of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). That abstention doctrine "is rooted in traditional principles of equity, comity, and federalism, [and] requires federal courts to refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Exercising *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Id.* It is

5

proper where federal civil proceedings implicate a state's interest in enforcing orders and judgments of its courts. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Further, it is proper "only when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in the federal court." *Ewell*, 853 F.3d at 916. (internal citations omitted).

The relief sought in this case, specifically, a TRO prohibiting the sale of the property pursuant to a state court judgment would certainly "interfere with . . . state proceedings." *Id.* The state proceeding involves important state issues regarding real estate within its borders and the enforcement of loan contracts made by banks within the state with citizens of the state. Plaintiff had the opportunity to raise her federal claims as a defense to the foreclosure proceeding. In fact, Plaintiff did raise these claims, both in the foreclosure case and in a separate chancery case that she filed in the St. Clair County Circuit Court. *See Bianca L. Merritt-Wilson v. New American Funding, LLC*, No. 2025CH000022. Further, she has pointed to no exceptional circumstances that would justify the Court calling a halt to the state foreclosure proceeding as it nears its conclusion.

Consistent with *Younger* abstention, the Anti-Injunction Act, 28 U.S.C. § 2283, states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This applies to requests like Plaintiff's to enjoin state foreclosure proceedings. *Mitchell v. U.S. Bank Nat'l Ass'n for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2006-AR4*, 293 F. Supp. 3d 209, 213 (D.D.C. 2018). Plaintiff alleges that, to the extent the Anti-Injunction Act is implicated, she seeks relief expressly authorized by 42 U.S.C. § 1983. Plaintiff is correct that the Anti-Injunction Act does

not apply to suits under § 1983. *See Lawson v. Hill*, 368 F.3d 955, 960 (7th Cir. 2004). However, as the Court explained above, Plaintiff has not stated a plausible claim under § 1983. Therefore, the exception does not apply, and this Court cannot grant a TRO.

For the foregoing reasons, the Court DENIES Plaintiff Bianca Lace Merritt-Wilson's Emergency Motion for TRO (Doc. 4). The Court ORDERS Plaintiff to SHOW CAUSE on or before January 15, 2026, why the Court should not (1) dismiss this case for lack of federal subject matter jurisdiction and/or (2) abstain from hearing this case under the *Younger* abstention doctrine. In response to this order to show cause, Plaintiff may file an amended complaint with sufficient facts to state a claim under a federal statute which does not interfere with the state foreclosure proceeding. If Plaintiff fails to timely respond to this order to show cause, the Court will dismiss this case for lack of jurisdiction or abstain from exercising jurisdiction. The Court RESERVES RULING on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3), Motion for Order Appointing Limited-Scope ADA Counsel (Doc. 4), Motion for ADA Accommodation (Doc. 4), and Motion for Leave to Participate in Electronic Filing (Doc. 4). As a one-time courtesy to Plaintiff, and in light of the urgency of this matter, the Court DIRECTS the Clerk of Court to send a copy of this order to her by email to bianca.l.merritt88@gmail.com in addition to mailing a hard copy.

**IT IS SO ORDERED.**
**DATED**:  December 16, 2025

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**